UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE



6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770

February 16, 2023

LETTER TO COUNSEL

    RE:    *Lawrence Jonathan A. v. Kijakazi, Acting Commissioner of Social Security*
            Civil No. GLS 22-00535

Dear Counsel:

Pending before this Court are cross-motions for summary judgment, filed by Plaintiff Lawrence Jonathan A., and the Social Security Administration. (ECF Nos. 12, 14). The Plaintiff also filed a reply brief. (ECF No. 15). Upon review of the pleadings and the record, the Court finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2021).

The Court must uphold the decision of the Social Security Administration ("SSA" or "the Agency") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case back to the SSA for further consideration.

**I.    BACKGROUND**

Plaintiff filed a Title II application for a period of disability and disability insurance benefits, and a Title XVI application for supplemental security income, on June 19, 2018. In both applications, the Plaintiff alleges that disability began on November 15, 2016. (Tr. 127). These claims were initially denied on November 16, 2018, and upon reconsideration, denied again on March 22, 2019. (*Id.*). On July 26, 2019, Plaintiff filed a written request for a hearing, which was granted. A telephone hearing was conducted on June 9, 2020 by an Administrative Law Judge ("ALJ"). (*Id.*). On June 22, 2020, the ALJ found that the Plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (Tr. 127-139).

On January 13, 2021, under the authority of 20 C.F.R. §§ 404.977, 416.1477, the Appeals Council granted the Plaintiff's request for review, and issued an order vacating the ALJ's June 22, 2020 decision and remanding the case to an ALJ for resolution of several issues. (Tr. 144-147). On remand from the Appeals Council, a telephone hearing was conducted on September 21, 2021

*Lawrence Jonathan A. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS 22-00535
February 16, 2023
Page 2

by an ALJ. (Tr. 14). On October 14, 2021, the ALJ found that the Plaintiff was not disabled under Sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (Tr. 11-23). On January 18, 2022, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision dated October 14, 2021 became the final and reviewable decision of the SSA. (Tr. 1). *See also* 20 C.F.R. §422.210(a).

## II.     ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if his/her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a); 416.920(a). *See e.g., Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assess whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, i.e., a claimant's impairment is severe but does not meet one or more of the Listings, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC"). A claimant's RFC is the most that a claimant could do despite her/his limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). Also at step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her/his impairments. Finally, at step five, the ALJ analyzes whether a claimant could perform jobs other than what the claimant performed in the past, and whether such jobs exist in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(i) - 404.1520(a)(4)(v).

At steps one through four, it is the claimant's burden to show that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Hunter v. Sullivan*, 993 F.3d 31, 35 (4th Cir. 1992).

Here, the ALJ evaluated Plaintiff's claim by following the sequential evaluation process

*Lawrence Jonathan A. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS 22-00535
February 16, 2023
Page 3

outlined above. (Tr. 14-27). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 15, 2016, the alleged onset date of Plaintiff's disability. (Tr. 17). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: spine disorder and hypertension. (*Id.*). The ALJ found these impairments were severe because these impairments cause more than minimal limitations to the Plaintiff's ability to perform basic work activities as required by SSR 85-28. (*Id.*). However, at step three the ALJ also determined that none of Plaintiff's impairments or combination of impairments met or medically equaled one or more of the Listings. (Tr. 17, 18). Taking into account Plaintiff's severe impairments, the ALJ next assessed the claimant's RFC. Despite Plaintiff's severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: occasionally climb stairs and ladders, balance, stoop, kneel, crouch, and crawl.

(Tr. 18-22). At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a loss prevention worker. (*Id.* at 22). Before making a finding regarding step five, the ALJ conducted a hearing. (Tr. 44-52). At that hearing, a vocational expert ("VE") testified, relying upon "The Dictionary of Occupational Titles" and his own experience as a vocational rehabilitation counselor, about whether there are any medium, light, or sedentary jobs that a hypothetical person with the same age, education, and work experience as the Plaintiff, with his RFC, would be able to perform. (*Id.*). The VE testified that there are light jobs that this hypothetical individual would be able to perform: merchant controller, loss prevention worker, sales attendant, routing clerk, and furniture rental consultant. (*Id.* at 45-47.). Finally, the VE was asked about what would happen if the hypothetical individual was off-task for a certain percentage of the day/minutes per day. The VE opined that if that individual had to change positions (sitting or standing) every 15 seconds, then the individual would be off-task. (Tr. 48-49). The next hypothetical asked to the VE asked him to assume that there is a hypothetical individual of the claimant's age and work experience, and that the person needed to sit/stand every 15 to 20 minutes and that they are off-task for 3 minutes each instance. Put another way, if that person were off-task more than 48 minutes per day (6 minutes per hour), then would that hypothetical individual be employed? The VE said "No," that person would not be able to work. (Tr. 49, 50). The next hypothetical posed to the VE involved the claimant's age, education, work experience, and that individual would need to take breaks 4 times a day, 4 to 5 minutes each time in order to elevate her legs to hip level. The VE opined that that individual would not be able to perform to past work that the hypothetical individual performed or any work existing in the National Economy. (Tr. 50, 51). Finally, the attorney asked the VE able a hypothetical individual who would be limited to sedentary work, who could stand no more than 2 hours a day, could lift fewer than 10 pounds frequently or occasionally, and who would be able to stoop, kneel, crouch and crawl. The VE opinion that the hypothetical individual would not be able to perform any of the past several work of the claimant, nor would the individual be able to perform any of the work existing in the National Economy. (Tr. 51). In other words, that individual would be limited to strictly sedentary work. (Tr. 52).

Case 8:22-cv-00535-GLS   Document 16   Filed 02/16/23   Page 4 of 7

*Lawrence Jonathan A. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS 22-00535
February 16, 2023
Page 4

At step five, the ALJ ultimately determined that Plaintiff was not disabled, because he could perform past relevant work as a loss prevention worker, as the job was actually and generally performed. (Tr. 22).

### III.   DISCUSSION

In requesting summary judgment, Plaintiff contends that: (1) the ALJ failed to adequately assess Plaintiff's RFC; and (2) in assessing the intensity of Plaintiff's symptoms the ALJ "cherry-picked" evidence. (ECF No. 12-1, "Plaintiff's Motion," pp. 12-19).

With regard to the assessment of the Plaintiff's RFC, the Plaintiff argues that the ALJ: (1) failed to perform a function-by-function assessment, and instead provided an analysis dedicated to the intensity of Plaintiff's symptoms; and (2) did not provide the requisite "evidence, logical explanation, and conclusion[s]" to support the limitations contained within the RFC. (*Id.*). In response, the SSA contends that: (1) the ALJ's decision is supported by substantial evidence and includes a proper function-by-function assessment alongside a "narrative discussion" of the evidence; and (2) the ALJ properly considered all relevant evidence in assessing the intensity of Plaintiff's symptoms. (ECF No. 14-1, "Defendant's Motion," pp. 6-13).

I have carefully reviewed the arguments and the record. I find persuasive Plaintiff's argument regarding the ALJ's assessment of Plaintiff's RFC. Accordingly, I find remand appropriate, for the reasons set forth below. Because this case is being remanded, I will not address Plaintiff's other argument.

As a preliminary matter, the SSA has created a system through which it defines the physical exertional requirements for jobs in the national economy. Within this system, there are five categories in which a job may fall: (1) sedentary; (2) light; (3) medium; (4) heavy; and (5) very heavy. *See* 20 C.F.R. § 404.1567(a)-(e); 20 C.F.R. § 416.967(a)-(e). "Light work" is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." *See* 20 C.F.R. § 404.1567(b); 20 C.F.R. § 416.967(b). Pursuant to 20 C.F.R. § 404.1545(a)(1), an ALJ must devise an RFC that captures a claimant's ability to do physical and/or mental work activities for a sustained period of time (i.e., sedentary, light, medium, heavy, or very heavy work), given the claimant's limitations. An ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [her] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)).

In fashioning an RFC, the ALJ must outline the work an individual can perform and make findings regarding an individual's exertional limitations. The Fourth Circuit requires an ALJ's findings pertaining to a claimant's RFC to be "accompanied by 'a narrative discussion describing' the evidence supporting" each conclusion. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (quoting *Thomas*, 916 F.3d at 311); *see also* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). A proper RFC narrative consists of: "(1) evidence; (2) [a] logical explanation; and (3) [a] conclusion." *Dowling*, 986 F.3d at 388. In the narrative discussion, an ALJ must "build

Case 8:22-cv-00535-GLS   Document 16   Filed 02/16/23   Page 5 of 7

*Lawrence Jonathan A. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS 22-00535
February 16, 2023
Page 5

an accurate and logical bridge from the evidence to his conclusion." *Petry v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (citation omitted). This involves "citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p, 61 Fed. Reg. 34,478 (July 2, 1996) (internal quotation marks omitted)). An ALJ's logical explanation is just as important as the other two components of the RFC analysis. *Rosalind M. v. Saul*, Civ. No. GLS-19-2791, 2020 WL 6450503, at *2 (D. Md. Nov. 3, 2020). Furthermore, in *Dowling*, the court held that an ALJ errs when his RFC analysis focuses only on the "intensity and persistence" of claimant's symptoms and "the extent to which the alleged severity of those symptoms [was] supported by the record." 986 F.3d at 388. This kind of "symptom evaluation" is a different kind of analysis than SSR 96-8p and other regulations require for a proper RFC assessment. *Id.*

Here, when fashioning Plaintiff's RFC, the ALJ found that the Plaintiff can perform light work as long as certain limitations were in place. Specifically, the ALJ held that the Plaintiff can only "occasionally climb stairs and ladders, balance, stoop, kneel, crouch, and crawl." (Tr. 18). In coming to this conclusion, the ALJ held that "the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence…." (*Id.*) Thereafter, the ALJ cites to a wide array of evidence including: (1) medical records; (2) MRI scans; and (3) Plaintiff's complaints of pain. (Tr. 17-22). However, the Court agrees with Plaintiff that the ALJ does not provide a function-by-function assessment of the Plaintiff's exertional limitations. (*Id.*) Put another way, the ALJ does not clearly articulate how, given Plaintiff's impairments he is able to walk, sit, push, etc. Second, more generally, the ALJ does not provide a logical explanation connecting the evidence to his RFC determination. Put another way, the ALJ fails to "build an accurate and logical bridge from the evidence to his conclusion." *Petry* 2017 WL 680379, at *2. Instead, the ALJ merely cites to the evidence in the record and holds the following:

> the claimant's residual functional capacity as determined in this decision is fully supported when considering the claimant's testimony and written statements in conjunction with the clinical facts, medical findings and opinions of the treating, examining and non-examining physicians.

(Tr. 22). This conclusory assertion falls short of the explanation necessary to support the ALJ's RFC determination. *See Donell F. v. Kijakazi,* Civ. No. GLS-21-2399, 2023 WL 203351, at *4 (D. Md. Jan. 17, 2023) ("[A]conclusory assertion falls short of a narrative discussion and fails to create an "accurate and logical bridge" between the evidence and the ALJ's RFC determination") (internal citation omitted).

Furthermore, when the ALJ does provide an analysis of the evidence, the analysis solely relates to the ALJ's finding that the intensity of Plaintiff's symptoms is not supported by the objective evidence. In the decision, the ALJ makes findings regarding how the evidence does or does not support the intensity of Plaintiff's alleged symptoms. (Tr. 19-21). Ultimately, the ALJ held that "the symptoms and limitations alleged by the claimant are not fully supported by the

*Lawrence Jonathan A. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS 22-00535
February 16, 2023
Page 6

objective evidence." (Tr. 21). Despite limiting his analysis of the evidence to Plaintiff's symptoms, the Defendant contends that the ALJ's decision includes a "holistic and balanced approach to evaluating Plaintiff's symptoms and other evidence in the record." (Defendant's Motion, p. 13). The Court disagrees. The ALJ's analysis does not relate to the ALJ's RFC assessment and only pertains to the intensity of the Plaintiff's symptoms.

The Court finds instructive *Dowling v. Comm'r Soc. Sec. Admin*, *supra*. In *Dowling*, the court remanded the case because the ALJ "relied on an incorrect regulatory framework" when the ALJ failed to provide a function-by-function assessment of the claimant's limitations and only devoted analysis toward evaluating the claimant's symptoms. The court opined that a "RFC assessment is a separate and distinct inquiry from a symptom evaluation, and the ALJ erred by treating them as one and the same." *Id.* at 387. Ultimately, the court held that remand is required where the ALJ only devotes analysis to a claimant's symptoms and fails to provide a proper analysis that connects the evidence to the ALJ's RFC assessment. *Id.* at 387-88.

In this case, as Plaintiff correctly argues, the ALJ makes the same error. Instead of providing a proper RFC assessment, the ALJ merely cited to evidence in the record and offered the conclusory assertion that the cited evidence supports the Plaintiff's RFC. (Tr. 22). The analysis of the evidence that the ALJ did provide was devoted to the intensity of Plaintiff's symptoms. (Tr. 19-21). An evaluation of the Plaintiff's symptoms, however, is "separate" and "distinct" from the RFC assessment and does not replace an RFC assessment. *Dowling*, 986 F.3d at 387. In the absence of an analysis devoted to Plaintiff's RFC, this Court cannot find that the ALJ's decision is supported by substantial evidence. *Id.* at 389; *see also Thomas*, 916 F.3d at 311 (ALJs must provide explanations to support RFC assessments). Accordingly, the ALJ's decision runs afoul of *Dowling*, is not supported by substantial evidence, and remand is required.

In sum, because the ALJ failed to provide a proper function-by-function assessment and build an "accurate and logical bridge" between the evidence and his RFC assessment, this Court cannot find that his decision is supported by substantial evidence. On remand, the ALJ should provide a proper function-by-function analysis that builds "an accurate and logical bridge" between the evidence and the Plaintiff's RFC.

## IV.     CONCLUSION

For the reasons set forth above, both parties' summary judgment motions, (ECF Nos. 12, 14), are **DENIED**. In addition, consistent with sentence four of 42 U.S.C. § 405(g), the Agency's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this Opinion. I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits, is correct. The Clerk of the Court is directed to **CLOSE** this case.

*Lawrence Jonathan A. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS 22-00535
February 16, 2023
Page 7

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such. A separate Order follows.

                                                       Sincerely,

                                                       /s/
                                        The Honorable Gina L. Simms
                                        United States Magistrate Judge