IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE



6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770

May 20, 2025

LETTER TO COUNSEL

RE:  *Lawrence A. v. Bisignano,*[1] Commissioner of the Social Security Administration
     Civ. No. GLS-22-00535

Dear Counsel:

On March 13, 2025, Counsel for the Plaintiff, Arjun K. Murahari, Esq. ("Mr. Murahari") filed a "Motion for Attorney's Fees Pursuant to the Social Security Act, 42 U.S.C. § 406(b)" and memorandum of law in support thereto (collectively, "the Motion."). (ECF Nos. 24, 24-1). On May 15, 2025, the Commissioner of the Social Security Administration ("the Commissioner" or "the Agency") filed a response to the Motion, neither supporting nor opposing the requested relief.[2] (ECF No. 25). Rather, the Commissioner defers to the judgment of the Court to determine whether the fee request is reasonable. (*Id*., p. 2). This matter has been fully briefed, and I find that no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2023).  For the reasons set forth below, the Motion will be **GRANTED**, and attorney's fees will be awarded in the amount of $53,432.25 to Mr. Murahari.

I.    BACKGROUND

On March 7, 2022, Plaintiff petitioned this Court to review the Social Security Administration's final decision to deny his claim. (ECF No. 1).  Plaintiff's case was fully briefed before this Court, including the filing of a motion for summary judgment and the Commissioner's opposition thereto, and a Reply from Plaintiff. (ECF Nos. 12, 14, 15). On February 16, 2023, this Court issued a Letter Opinion reversing in part the Agency's judgment, consistent with sentence four of 42 U.S.C. § 405(g), and remanding the Plaintiff's claim to the Agency for further proceedings. (ECF No. 16).[3]

---

[1] On May 6, 2025, Frank Bisignano became the Commissioner of the Social Security Administration. Accordingly, consistent with Fed. R. Civ. P. 25(d), Commissioner Bisignano has been substituted as the Defendant in this case.
[2] The Agency's response to the Plaintiff's Motion was due 14 days from the date that the Motion was filed, or by March 28, 2025. *See* Local Rule 105.2(a) (D. Md. 2023). The Agency's response is more than 45 days late, and is therefore untimely.
[3] In its Letter Opinion remanding the case for further proceedings, the Court provides the full procedural background of this case. (ECF No. 16, pp. 1, 2).

*Lawrence A. v. Bisignano, Commissioner of the Social Security Administration*
Civ. No. GLS-22-0535
May 20, 2025
Page 2

On March 30, 2023, Mr. Murahari petitioned this Court for attorney's fees. (ECF No. 19). On April 13, 2023, the parties filed a Stipulation as to payment of Mr. Murahari's attorney's fees. (ECF No. 20). On April 17, 2023, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, the Court awarded Mr. Murahari attorney's fees in the amount of $4,800.00 for worked performed on Plaintiff's case. (ECF No. 21). On September 19, 2024, Plaintiff received a favorable decision from the Agency, which resulted in an award of past-due Social Security disability benefits. (*See* ECF Nos. 24-2, 24-3). In total, Plaintiff was awarded $213,729.00 in past-due benefits. (ECF No. 24-3, p. 1).

On March 14, 2025, Mr. Murahari filed a Motion seeking $53,432.25 in attorney's fees, which he claims represents 25 percent of Plaintiff's benefits award. (*See* Motion). Mr. Murahari represents that reimbursement under the EAJA is not warranted as the U.S. Department of Treasury, Bureau of the Fiscal Service ("Fiscal Service") garnished the $4,800.00 payment from Agency. (*See* ECF Nos. 24-1, p. 2; 24-4). Accordingly, Mr. Murahari never received the $4,800.00 awarded by the Court. (*Id.*). On May 15, 2025, the Agency filed a response, in which the Agency represents that it "neither supports nor opposes counsel's request for attorney's fees," but requests that the Court analyze whether the amount sought is "reasonable." (*See, supra, note 2*; ECF No. 25, p. 2).

## II.   STANDARD OF REVIEW

Under the Social Security Act, an attorney may recover a "reasonable fee" for his representation of an individual who receives a favorable decision related to an application for disability benefits. 42 U.S.C. § 406(b)(1). However, an attorney's fee may not exceed 25 percent of an individual's past-due benefits award. *Id.*

When an attorney seeks an award pursuant to a contingency fee agreement, a court has an obligation to independently review the agreement to ensure that it will "yield reasonable results," i.e., a reasonable fee is being sought, given the facts of the case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). A court enjoys broad discretion when deciding what award, if any, is reasonable. *See Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005).

To determine whether a request for attorney's fees pursuant to 42 U.S.C. § 406(b) is reasonable, a court may consider a variety of factors such as: (1) whether the fee is "out of line" with the character of the representation and the results achieved; (2) any delay caused by counsel that caused past-due benefits to accumulate during the pendency of the case; and (3) whether the past-due benefits award is "large in comparison" to the time counsel spent on the case, i.e., whether the requested fee would result in a "windfall." *See Mudd*, 418 F.3d at 428 (citing *Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order").

Following *Mudd*, in this District, courts have adopted the practice of evaluating whether a fee award will result in a "windfall" by first calculating the hourly rate that will result from the contingency fee agreement, i.e., the contingency fee award divided by the hours actually worked

*Lawrence A. v. Bisignano, Commissioner of the Social Security Administration*
Civ. No. GLS-22-0535
May 20, 2025
Page 3

on the matter. *See, e.g., Myisha G. v. Saul*, Civ. No. DLB-19-720, 2021 WL 2661503, at *1 (D. Md. June 29, 2021). These courts then compared the hourly rate to hourly rates outlined in the Local Rules of the United States District Court for the District of Maryland ("Local Rules"), Appendix B, which were historically deemed presumptively reasonable.[4] If the hourly rate resulting from a contingency fee agreement in a particular case far exceeded the then-presumptively reasonable rate set forth in the Local Rules, it was less likely that the requested fee was reasonable. *Id*. However, in cases where an attorney's advocacy results in a favorable decision, courts in this District routinely approved hourly rates that were "much higher" than those outlined in the Local Rules. *See, e.g.*, *id.* at *2; *Gregory K. v. Saul*, Civ. No. DLB-19-2235, 2021 WL 4391263, at *2 (D. Md. Sept. 24, 2021); *Craig C. v. Comm'r Soc. Sec. Admin.*, Civ. No. SAG-17-2782, 2019 WL 2076247, at *2 (D. Md. May 10, 2019); *Steven S. v. Comm'r Soc. Sec. Admin.*, Civ. No. JMC-19-1055, 2022 WL 18024793, at *2 (D. Md. Jan 24, 2022).

Regarding the Guidelines, the Fourth Circuit has recently held that a court "may consider, but is not bound by" the Guidelines. *De Paredes,* 2025 WL 1107398, at *2 (4th Cir. 2025)(citing *Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 229 (4th Cir. 2009)). Thus, when a court is faced with a fee petition and is determining whether a fee rate is "reasonable," it may not treat the Guidelines as "'presumptively reasonable' and require special justification to deviate from [them]." *De Paredes*, 2025 WL 1107398, at *2 (further citations omitted). Rather, a court "must consider all relevant evidence to determine 'the prevailing market rates in the relevant community'. . . including lawyer affidavits, fee awards in similar cases, general surveys, fee matrices, and even its 'own personal knowledge.'" *De Paredes*, 2025 WL 1107398, at *2 (further citations omitted). The Court is not aware of any cases interpreting petitions for attorney's fees pursuant to the EAJA, where an attorney's effective hourly rate exceeds our Guidelines. Nonetheless, the Court finds that it must still examine the reasonableness of the hourly rate.

Furthermore, although a court may only award fees under the Social Security Act for "court-related work," in performing its "reasonableness inquiry," a court may also consider the legal work performed by counsel when the matter was before the Agency. *See Myisha G.*, 2021 WL 2661503, at *1. This is because that legal work can inform a court about, e.g., the complexity of the case, the lawyering skills necessary to provide representation, and the significance of the results achieved. *Myisha G.*, 2021 WL 2661503, at *1 (citing *Mudd*, 418 F.3d at 428).

Finally, if a court finds that an attorney is entitled to a fee award under the Social Security Act, and such attorney has already received an award for attorney's fees under the EAJA, then the attorney must reimburse his client the smaller of the two fees. *Gisbrecht*, 535 U.S. at 796; *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

---

[4] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Local Rules, App'x B, n. 1 (D. Md. 2023) (stating that Local Rules do not govern "social security and Prisoner Litigation Reform Act cases").

*Lawrence A. v. Bisignano, Commissioner of the Social Security Administration*
Civ. No. GLS-22-0535
May 20, 2025
Page 4

### III.   ANALYSIS

As a preliminary matter, the Court first finds that Mr. Murahari timely filed the Motion requesting attorney's fees on March 14, 2025, as the "Notice of Award" is dated February 25, 2025.[5]  *See* ECF No. 24-3, p. 1; Local Rule 109.2(c) (motion for attorney's fees must be filed within thirty days of the date of the Notice of Award letter sent to the claimant and the attorney at the conclusion of the Social Security Administration's past-due benefit calculation).

Next, as the Court has reviewed the entire history in this case, it is undisputed that Mr. Murahari and Plaintiff entered into a contingency fee agreement, and that Plaintiff agreed to pay his counsel 25 percent of any disability benefits awarded.  (ECF Nos. 19-4; 19-7, ¶ 3).  Thus, the Court can proceed to analyze the *Mudd* factors.

As it relates to the first *Mudd* factor, the Court finds that Mr. Murahari's requested fee award is supported by the character of his representation and the results achieved. Specifically, in this case, Plaintiff signed a contingency fee agreement wherein he agreed to pay Mr. Murahari 25 percent "of all retroactive benefits" to which he was entitled.  (ECF No. 19-4).  The Court finds that Mr. Murahari's request of $53,432.25 in attorney's fees does not exceed the 25 percent statutory cap of Plaintiff's past-due benefits award of $213,729.00, which is consistent with 42 U.S.C. § 406(b)(1). In addition, through Mr. Murahari's advocacy, Plaintiff was awarded past-due benefits.  (*See* ECF Nos. 24-2, 24-3).  Accordingly, the Court finds that this factor weighs in favor of granting Mr. Murahari's request.

Turning to the second *Mudd* factor, there is no evidence before the Court that Mr. Murahari caused any delay that led to the accumulation of past-due benefits during the pendency of the case. Thus, the Court finds that this factor, too, weighs in favor of granting Mr. Murahari's request.

Turning to the third *Mudd* factor, the key question before the Court is whether Mr. Murahari's requested fee award will result in a windfall to him. Courts in this District determine whether an attorney's fees award will result in a windfall by determining the hourly rate that results from the contingency fee agreement in a particular case and comparing such hourly rate to the hourly rates provided in the Local Rules. In the instant case, in connection with his original fee petition, Mr. Murahari submitted a timesheet reflecting that his law firm expended 22.25 hours working on Plaintiff's case. (*See* ECF No. 19-8). He also previously filed an affidavit in which he represented that he has been a member of the Bar since 2011, and his hourly billing rate is $350.00. (*See* ECF No. 19-7, ¶¶ 5, 6).  That hourly rate is within the hourly rate commensurate with his experience.  *See* Local Rules, App'x B., Section 3(c) ("Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350").  However, in connection with his Motion, Mr. Murahari seeks 25 percent of $213,729.00, which translates to an effective hourly rate of $2,401.45 per hour.

---

[5] It appears that, in a prior letter dated October 1, 2024, the Agency incorrectly stated that they "withheld $213,728.70 from [the Plaintiff's] past-due benefits to pay [his] representative."  (*See* ECF No. 24-3).  On February 25, 2025, the Agency mailed a letter to the Plaintiff correcting the error contained in its prior letter and advised the Plaintiff his "past-due benefits are $213,729.00 for June 2017 through August 2024." (*Id*). Therefore, the Court views the Agency's letter dated February 25, 2025 as the operative "Notice of Award." As such, Mr. Murahari's Motion is timely.

($53,432.25/22.25 hours).  After *De Paredes*, the Court opines that Mr. Murahari must show that his effective hourly rate is reasonable for the services rendered.  *See Gisbrecht*, 535 U.S. at 807. If the hourly rate resulting from a contingency fee agreement in a particular case far exceeds the rate set forth in the Local Rules, it is less likely that the requested fee is reasonable, unless there is relevant evidence in the record to support the effective rate.

Although $2,401.45 per hour is almost 7 times more than $350 per hour, many courts in this District have found hourly rates that are more than double the applicable rate provided in the Local Rules to be reasonable where, as is the case here, a plaintiff has received a favorable decision. *See, e.g.*, *James K. v. Saul*, Civ. No. DLB-19-673, 2021 WL 1753567, at *2 (D. Md. May 4, 2021) (where the court found effective hourly rate more than three times attorney's typical hourly rate to be reasonable); *Matthew C. v. Comm'r, Soc. Sec. Admin.*, Civ. No. JMC-20-3240, 2023 WL 3043906, at *2 (D. Md. Apr. 21, 2023) (where the court found effective hourly rate well over three times attorney's typical hourly rate to be reasonable); *Turner v. Kijakazi*, Civ. No. ABA-20-3371, 2023 WL 8829241, at *2 (D. Md. Dec. 21, 2023) (where the court found effective hourly rate more than four times attorney's typical hourly rate to be reasonable).  Reviewing the affidavit and timesheets submitted, and analyzing the results achieved, the Court finds that Mr. Murahari's requested hourly rate is not unreasonable.  *See De Paredes*, 2025 WL 1107398, at *2.  Thus, Mr. Murahari's requested fees award will not result in a windfall. Therefore, all factors weigh in favor of this Court finding that Mr. Murahari's request is reasonable.

Furthermore, an attorney who is awarded fees both under the EAJA and Section 406(b) must reimburse the plaintiff the smaller of the two fee amounts. *Gisbrecht*, 535 U.S. at 796; *Stephens ex rel. R.E.*, 565 F.3d at 135.  ("[W]hile attorney's fees may be awarded under both the EAJA and § 406(b), the Savings Provision clarifies that the attorney must refund to the claimant the smaller fee").  However, in this case, Mr. Murahari represents that he did not receive the Court's award pursuant to the EAJA, as the Fiscal Service applied the award to Plaintiff's outstanding debts. (*See* ECF Nos. 24-1, p. 1; 24-4).  Thus, the Court finds that Mr. Murahari need not reimburse Plaintiff any amount of the Court's award pursuant to the EAJA, as Mr. Murahari affirmed that the Fiscal Service garnished the $4,800.00 award.  *See Adrianne F. v. Saul*, Civ. No. DLB-18-3191, 2021 WL 3634177, at *2 (D. Md. Aug. 17, 2021) ("Mr. Nicoll affirmed that the amount this Court awarded him pursuant to the EAJA was garnished. Therefore, Mr. Nicoll need not reimburse plaintiff any of the amount awarded to him under the EAJA"); *Christy Y. v. Kijakazi*, Civ. No. BAH-21-2330, 2023 WL 6216685, at *2 (D. Md. Sept. 25, 2023) (same).

Finally, the Court agrees with the Agency that the requested fee amount is to be paid out of the past-due benefits awarded to the Plaintiff. *Culbertson v. Berryhill*, 586 U.S. 53, 61 (2019).

*Lawrence A. v. Bisignano, Commissioner of the Social Security Administration*
Civ. No. GLS-22-0535
May 20, 2025
Page 6

**IV.     CONCLUSION**

    For the reasons set forth above, the Motion, (ECF No. 24), is **GRANTED**. Specifically, the Court **AWARDS** Mr. Murahari attorney's fees in the amount of $53,432.25 pursuant to the Social Security Act, 42 U.S.C. § 406(b), to be paid out of Plaintiff's past-due benefits in accordance with Agency policy.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such. A separate Order follows.

    Sincerely,

    _____/s/_____
    The Honorable Gina L. Simms
    United States Magistrate Judge